**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LEONARDO DAVID CASTILLO GARCIA | CIVIL ACTION NO. 26-3155 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SAMUEL OLSON, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is an Emergency Motion to Preserve the Court's Jurisdiction and to Prohibit Petitioner's Transfer or Removal Pending Adjudication of the Petition for Writ of Habeas Corpus (Record Document 12) filed by the habeas Petitioner, Leonardo David Castillo Garcia ("Petitioner").[1] Petitioner is a native and citizen of Venezuela and entered the United States on July 16, 2024, "through the official CBP One appointment process established by the United States Government." Record Document 12-1 at 1. His application for asylum remains pending and no order of removal has been filed. Petitioner is currently being detained at River Correctional Center in Ferriday, Louisiana, under the custody of ICE.

In his Habeas Petition, Petitioner seeks immediate release or, alternatively, an immediate individualized bond hearing before a neutral Immigration Judge. See Record Document 13 at 7. In the instant Emergency Motion, he seeks to preserve the status quo, namely an order prohibiting his transfer to another detention facility while his Habeas Petition is pending and an order prohibiting his removal or deportation from the United

---

[1] Petitioner filed the instant Emergency Motion (Record Document 12) on August 25, 2026. He had previously filed the same motion (Record Document 2) on August 20, 2026, at which time his Habeas Petition was deficient. The deficiency has now been cured. The Court will consider the motion filed on August 25, 2026; thus, the previously filed motion (Record Document 2) is **DENIED AS MOOT**.

States until his pending Habeas Petition has been adjudicated. See Record Document 12 at 2.

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

As to Petitioner's request to prohibit transfer to a different facility, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is

not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Petitioner's request to prohibit removal or deportation is essentially a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Here, such request is premature because no final order of removal has been entered. Notwithstanding, this Court would lack jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of her Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion to Preserve the Court's Jurisdiction and to Prohibit Petitioner's Transfer or Removal Pending Adjudication of the Petition for Writ of Habeas Corpus (Record Document 12) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of September, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT